Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARCIA FOSTER,** | ) **Case No.:** '15CV2403 DMS BGS |
| | ) |
| **Plaintiff,** | ) **COMPLAINT FOR DAMAGES** |
| | ) **1. VIOLATION OF THE** |
| **v.** | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §** |
| | ) **227, ET. SEQ.** |
| **BLUESTEM BRANDS, INC. D/B/A** | ) |
| **FINGERHUT,** | ) **JURY TRIAL DEMANDED** |
| | ) |
| **Defendant.** | ) |
| | ) |

## COMPLAINT

MARCIA FOSTER ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. D/B/A FINGERHUT ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA").


## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).


## PARTIES

5.     Plaintiff is a natural person residing in San Ysidro, California.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is foreign corporation with its principal place of business located at 6509 Flying cloud Drive, Eden Prairie, Minnesota 55344.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number that she has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     Beginning in September 2015 and continuing through October 2015, Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Plaintiff knew Defendant was utilizing an automatic telephone dialing system as each call began with a delay prior to a representative speaking with Plaintiff.

15.     Plaintiff never consented to Defendant calling her cellular telephone using an automatic telephone dialing system and automatic and/or pre-recorded messages.

16.     Defendant's telephone calls were not made for "emergency purposes."

17.     Although Plaintiff has an account with Defendant, in mid to late September 2015, Plaintiff revoked any consent previously given to Defendant to place telephone calls to her cellular telephone number.

18.     Defendant heard and acknowledged Plaintiff's revocation of consent and demand to stop calling her cellular telephone number.

19.     Despite the above, Defendant persisted in calling Plaintiff on her cellular telephone.

### DEFENDANT VIOLATED THE
### TELEPHONE CONSUMER PROTECTION ACT

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

22.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

24.     Defendant's calls to Plaintiff were made without consent.

25.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.


WHEREFORE, Plaintiff, MARCIA FOSTER, respectfully prays for a judgment as follows:

   a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

   b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

   c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

   d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

   e.    Any other relief deemed appropriate by this Honorable Court.

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, MARCIA FOSTER, demands a jury trial in this case.

Respectfully submitted,

DATED: October 23, 2015         By: <u>/s/ Amy Lynn Bennecoff Ginsburg</u>
Amy Lynn Bennecoff Ginsburg, Esq. (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff